**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**TIMOTHY WHEELER**                                                    **PETITIONER**

**VS.**                          **CASE NO. 5:15CV00358 DPM/PSH**

**WENDY KELLEY, Director of the
Arkansas Department of Correction**                      **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr .  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**BACKGROUND**

Timothy Wheeler ("Wheeler") seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. He is currently in the custody of the Arkansas Department of Correction (ADC) following a 2013 jury trial in the Circuit Court of Pulaski County on the charge of first degree battery.  The evidence at trial was that two employees of Union Pacific in North Little Rock, Arkansas, Quinston Penn and Marlando Collins, were leaving their place of employment the night of the incident, when they came upon Wheeler and Jason Bernard, the victim in this case.  Neither Penn nor Collins knew Wheeler or Bernard.  Collins testified that, from his car, he saw Wheeler and Bernard arguing.  After circling the block, Collins and Penn saw Wheeler strike Bernard with a large stick or board as Bernard was walking away from Wheeler.  Collins testified that Bernard fell face first on the cement sidewalk, and Wheeler hit Bernard several more times with the stick or board.  Wheeler then threw the weapon

to the ground and walked away.  Medical testimony at trial established that Bernard received serious injuries in the attack and is no longer able to care for himself.

Wheeler was convicted and sentenced to 360 months of imprisonment.  On direct appeal, Wheeler contended the jury's verdict was not supported by sufficient evidence.  The direct appeal was unsuccessful.  *Wheeler v. State*, 2014 Ark. App. 281.  Wheeler subsequently sought Rule 37 relief, filing a July 2014 petition with the trial court alleging numerous instances of ineffective assistance of counsel, as well as realleging insufficiency of the evidence and trial error.  Many of the allegations focus upon trial counsel's failure to adequately investigate the case.  Wheeler alleged generally that trial counsel's further investigation would have bolstered his self defense claim that "Jason Bernard attacked him first and petitioner was only defending himself from a drug-crazied attacker."  Petition for Rule 37 relief, docket entry no. 26-6, page 20.  The petition was denied, and the Supreme Court of Arkansas dismissed the appeal, finding "it is clear from the record that the appellant cannot prevail."  *Wheeler v. State*, 2015 Ark. 233.  Specifically, the Supreme Court of Arkansas found Wheeler's claims of insufficient evidence and trial error were not cognizable in a Rule 37 proceeding.  Additionally, although Wheeler's claims of ineffective assistance were appropriately raised in the Rule 37 proceeding, such claims did not have a sufficient factual basis.  Citing *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court of Arkansas concluded Wheeler could demonstrate no prejudice from his attorney's acts or omissions.

## DISPOSITION

Wheeler, in his federal habeas corpus petition, claims:

(1) trial counsel was ineffective for failing to review the medical portion of discovery and for failing to call a physician to establish the victim admitted drug and alcohol use to the doctor, and the victim recalled the incident;

(2) error in allowing the prosecutor to swing the stick, or tree limb, allegedly used by

2

Wheeler in the jury's presence when no one saw Wheeler with stick and no DNA testing was done;

(3) trial counsel was ineffective for failing to object during closing arguments when the prosecutor stated the victim was struck in the back of the head, and when the prosecutor stated it would have been better for Wheeler if he had pushed the victim into traffic;

(4) trial counsel was ineffective for failing to strike juror Brook Verdell, who stated her father worked for the railroad and was killed by a blunt object, and for failing to seek juror's dismissal after the prosecutor swung the stick in Verdell's face;

(5) refusal of victim's mother to release the victim's medical records to the police because Dr. Lewis took the victim off all narcotics due to cocaine in his system in August 2012;

(6) trial counsel was ineffective for failing to obtain DNA testing on the stick;

(7) trial counsel was ineffective for failing to subpoena Zach Bosley, who reported the crime, to testify and impeach the victim, and for failing to introduce the 911 report into evidence;

(8) victim's mother testified that her son was violent;

(9) trial counsel was ineffective for failing to subpoena the victim to testify at trial, in light of the victim's statement to a physician ten days after the attack, which demonstrated his recall of the incident;

(10) trial counsel was ineffective for failing to object, as the trial judge did not have the authority to sentence Wheeler under Ark. Code Ann. 16-93-609; and

(11) trial counsel was ineffective for failing to set aside inconsistent statements by Collins, who changed his testimony four times.

In a subsequent pleading (docket entry no. 39) Wheeler appears to add two additional claims for relief:

(12) the state could not apply Ark. Code Ann. § 5-4-501 to lengthen his sentence because he is an habitual offender; and

(13) the state could not also determine his parole eligibility under Ark. Code Ann. § 16-93-

609.

**Procedural Default:**   Respondent Wendy Kelley ("Kelley") contends many of the claims are not properly before this Court due to Wheeler's failure to adequately raise the claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.  This argument is complicated by the ambiguous nature of some of Wheeler's claims.  For example, Wheeler does not specify that claims 2, 3, 5, and 11 are allegations of ineffective assistance of counsel.  It is difficult to determine his intent.  However, since we liberally construe the petition we will assume these are allegations of ineffective assistance of counsel.  If those claims are construed in that fashion, then Kelley contends claims  6, 7, 8, 9, 12, and 13 are procedurally barred.  By prior Order of the Court, Wheeler was notified that claims might be dismissed as procedurally barred, and he was given the opportunity to explain why dismissal should not occur on this basis.  He has submitted responsive pleadings.  We will first consider which claims, if any, are procedurally barred, and then turn to the merits of the remaining claims.

As construed, claims 1, 2, 3, 4, 5, 10 and 11 were presented in state court and adjudicated on their merits.  The remaining claims were not adequately raised in state court.  We find those claims are procedurally defaulted, and must further inquire to determine if the procedural default can be excused or otherwise overlooked.

Liberally construing Wheeler's pleadings, he points to ineffective assistance of counsel as the cause for his procedural default.  The United States Supreme Court has held, in certain limited circumstances, that ineffective assistance of counsel can serve as cause for a procedural default. *Martinez v. Ryan*, 566 U.S. –, 132 S.Ct. 1309, 1320, 182 L.E.2d 272 (2012) ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.") It is clear that Wheeler did not have counsel at his Rule 37 proceeding.  Again liberally construing the pleadings, we will assume Wheeler has

demonstrated cause for his failure to raise some claims in state court.  We emphasize *some* claims because even if Wheeler has demonstrated cause for procedural default via *Martinez v. Ryan*, this cause only applies to claims of ineffective assistance of counsel at trial and does not serve as cause for the procedural default of any other claim.  *See, e.g., Slocum v. Kelley*, 2015 WL 1789027 (E.D. Ark. 2015) (*Martinez* only applies to ineffective assistance of trial counsel claims and does not extend to ineffective assistance of appellate counsel claims); *Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* does not permit resuscitation of a procedurally defaulted *Brady* claim); and *Young v. Colson*, 2015 WL 4879117 (M.D. Tenn. 2015) (*Martinez* may serve as cause for ineffective assistance of trial counsel, and other claims, such as conflict of interest, double jeopardy, erroneous jury instructions, and juror misconduct are therefore outside the scope of *Martinez*).

In Wheeler's circumstances, this means that his claims of ineffective assistance of trial counsel (claims 6, 7, and 9) will be considered on their merits.  However, his claims which are unrelated to trial counsel's ineffectiveness (claims 8, 12, and 13) are procedurally barred from consideration.  These claims were not raised in state court and Wheeler has not demonstrated cause or prejudice for his omission.  *See, e.g., Wainwright v. Sykes, supra*, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

**Claims 1, 2, 3, 4, 5, 10 and 11:**   Since these seven claims were raised in state court, our consideration is governed by 28 U.S.C. § 2254(d)(1), (2), which states a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court."  The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."  A state court decision will be an "unreasonable application of" our

clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
. . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (2001)(citations omitted).

Prior to examining the claims which were adjudicated in state court, it is necessary to review the state court ruling on the claims, which is contained in this lengthy excerpt from the Arkansas Supreme Court's decision affirming the denial of Rule 37 relief:

A brief summary of the evidence presented at trial is necessary to understand the issues. A police officer picked Wheeler up near a location in North Little Rock where two witnesses saw a man fitting Wheeler's description strike Jason Bernard with a large stick or board. One of the witnesses, Marlando Collins, identified Wheeler to an officer on the scene and in court. Collins testified that he saw two men arguing from his car, that he circled the block and observed Wheeler grab a stick or board and strike Bernard as Bernard was walking away. Collins stated in his testimony that, after Bernard fell face first onto the cement sidewalk, Wheeler struck him again, kicked him several times, and threw the implement on the ground before walking away. A doctor who treated Bernard at the hospital that night testified concerning Bernard's injuries. Bernard's mother, Wanda Jean Campise, testified that Bernard was no longer able to care for himself and required assistance to bathe or dress.

In his Rule 37.1 petition, Wheeler alleged that trial counsel was ineffective for failing to have an expert "interpret" the medical information, for failing to use evidence of the victim's legal problems and drug use to support Wheeler's claim of self defense, for failing to impeach the victim's mother with a felony conviction, for failing to impeach Collins about inconsistent statements, for failing to object to the admission of a stick found at the scene as the weapon, for failing to object when the prosecutor made a statement while Wheeler was testifying indicating that the victim would have been better off if Wheeler had pushed Bernard into traffic, for failing to object to the seating of a juror whose father worked for the railroad, for failing to investigate a 911 call involving Bernard at Wheeler's house ten days before the incident, for failing to object to sentencing under the wrong statute, for failing to object to the prosecutor stating that the victim was hit in the back of the head, and for failing to object to admission of a statement by an officer that Wheeler had been in a previous altercation with Bernard even though a tape from the officer's vehicle's recorder was not admitted.

Wheeler's claims of insufficient evidence and trial error concerning the failure of the judge to grant a continuance or other relief when co-counsel was appointed are not claims cognizable in proceedings under Rule 37.1. Generally, Rule 37 does not provide a remedy when an issue could have been raised at trial or argued on appeal. *State v. Rainer*, 2014 Ark. 306, 440 S.W.3d 315. Claims of mere trial error and challenges to the sufficiency of the evidence are not grounds for relief

6

under Rule 37.1. *See Stewart v. State,* 2014 Ark. 419, 443 S.W.3d 538 (per curiam).

Wheeler's claims of ineffective assistance of counsel, although cognizable, did not include sufficient factual substantiation to support his claims. Such unsupported claims do not provide a basis for postconviction relief. See *Young v. State,* 2015 Ark 65, 2015 WL 854754. In making that determination, our review follows the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that two-prong analysis, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Mister v. State*, 2014 Ark. 446, 2014 WL 5494016.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29. Unless a petitioner under Rule 37 makes both required showings under the *Strickland* analysis, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable." *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883.

There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Stewart,* 2014 Ark. 419, 443 S.W.3d 538. This court has held that a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors in order to meet the second prong of the test. *Sales,* 2014 Ark. 384, 441 S.W.3d 883. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The burden is entirely on the claimant to provide facts that affirmatively support his claims of prejudice. *Mister,* 2014 Ark. 446, 2014 WL 5494016. In those instances when appellant alleged deficient performance, appellant's claims did not include sufficient facts to meet that burden.

A number of Wheeler's claims alleged that counsel was ineffective for failure to investigate potential evidence. Under the applicable standard, a petitioner who asserts ineffective assistance for failure to investigate must show that further investigation would have been fruitful. *Young v. State,* 2015 Ark. 65, 2015 WL 854754. In addition to identifying specific materials that counsel could have uncovered, the petitioner must also show that those items discovered would have been sufficiently significant to raise a reasonable probability of a different outcome at trial. *Id.* Wheeler did not show that counsel could have uncovered sufficiently significant information that would raise a reasonable probability of a different outcome if counsel had further investigated the medical information, Bernard's legal problems and possible drug addiction, or the 911 call for Wheeler's previous altercation with Bernard.

Wheeler identified no specific evidence that he alleged counsel may have presented at trial as a result of further investigation. To the extent that he alleged

generally that there was evidence that the victim was a drug addict, Wheeler made little more than conclusory statements concerning how this evidence would have furthered his defense. Conclusory claims such as Wheeler made in the petition fail to demonstrate prejudice or support postconviction relief. *See McNichols v. State,* 2014 Ark. 462, 448 S.W.3d 200 (per curiam); *Nalls v. State,* 2014 Ark. 434, 445 S.W.3d 509 (per curiam).

Wheeler alleged that the evidence would have contradicted the victim's statements concerning the attack. There were, however, no statements made by the victim concerning the attack in the evidence admitted at trial. Further, counsel was successful in eliciting some testimony that supported Bernard having a violent nature. There was testimony that referenced the previous confrontation that resulted in a 911 call. In light of testimony from Collins that Wheeler had struck Bernard as Bernard was attempting to leave, any additional evidence supporting Wheeler's knowledge of Bernard's violent nature would not appear to be sufficiently significant to raise a reasonable probability of a different outcome at trial.

Next, Wheeler asserted counsel was ineffective for failure to impeach Campise with her felony conviction and to impeach Collins with his inconsistent statements. Again, Wheeler failed to affirmatively support his claims of prejudice for these claims by providing facts that would raise a reasonable probability of a different outcome at trial.

The trial court had granted a motion in limine by the State to exclude the use of Campise's felony conviction. The conviction was not to be used for impeachment purposes on the basis that it exceeded the time limitations in Arkansas Rule of Evidence 609 (2014) because it was more than ten years old. Although Wheeler alleged that counsel should have used the felony, he did not allege any facts concerning how counsel could have successfully challenged the ruling in order to use the felony to impeach Campise. As for Collin's inconsistent statements, counsel had brought out a number of inconsistencies during cross examination, and those additional ones identified by Wheeler in the petition were not sufficient to raise a reasonable probability of a different outcome at trial.

Wheeler's remaining claims alleged ineffective assistance based on a failure to object. In order to demonstrate prejudice for a failure to object, the petitioner must have submitted facts to support the proposition that counsel could have raised a specific, meritorious argument and that failing to raise that specific argument would not have been a decision supported by reasonable professional judgment. *Montgomery v. State,* 2014 Ark. 122, 2014 WL 1096052 (per curiam). Where it is asserted that counsel was ineffective for failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious; the failure to make an argument that is meritless is not ineffective assistance of counsel. *Rainer,* 2014 Ark. 306, 440 S.W.3d 315.

Wheeler therefore had a burden to demonstrate that counsel could have made a meritorious argument against admission of the stick. Appellant asserted counsel should have argued that the stick was not shown to have been used in the crime. There was evidence admitted that appellant used a board or stick to strike Bernard, that the weapon was thrown down in the area where the stick was found, and that there were stains on the stick when it was found shortly after the beating.

The stains appeared to be blood. Counsel did object to admission of the stick on the basis that a proper foundation had not been made, referring to her previous comments that the apparent blood on the stick had not been tested. In light of the evidence at trial and the admission of the stick over counsel's objection, Wheeler failed to meet his burden.

Concerning Wheeler's claims that counsel should have objected to the prosecutor making a statement that Bernard would have been better off if Wheeler had pushed him into traffic and that Bernard was hit in the back of the head, the record is at odds with Wheeler's allegations. There was no statement made during Wheeler's testimony about Wheeler pushing the victim into traffic as alleged. Counsel could not be ineffective for failing to object if no comment was made. Wheeler asserted that counsel should have objected on the basis that the prosecutor's comments that Bernard had been hit in the back of the head were at odds with the testimony. Collins, however, testified that Wheeler hit Bernard in the back of the head. The proposed objection therefore would have been without merit.

Wheeler also failed to demonstrate that counsel could have successfully challenged the seating of the juror that he alleged was biased. Wheeler alleged that the juror's father worked for the railroad and had been attacked with a stick. Wheeler did not identify the specific juror. The record indicates that during voir dire one seated juror stated that her grandfather had retired from the railroad that employed the two eyewitnesses and that her stepfather had been murdered with a blunt object. The record also indicates that the juror indicated that she could set aside her past experiences in that regard, render a decision based on the evidence, and not convict someone because of her experiences.

To prevail on an allegation of ineffective assistance of counsel with regard to jury selection, a petitioner first has the heavy burden of overcoming the presumption that jurors are unbiased. *Hayes v. State,* 2011 Ark. 327, 383 S.W.3d 824 (per curiam). To accomplish this, a petitioner must demonstrate actual bias. *Id.* The actual bias must have been sufficient to prejudice the petitioner to the degree that he was denied a fair trial. *Id.* Wheeler's allegations in the petition were not sufficient to meet that heavy burden, to the extent that those allegations may have been supported by the record.

Wheeler's next claim was that counsel should have objected to Wheeler's sentencing under Arkansas Code Annotated section 16–93–609. The judgment in this case includes a notation that Wheeler was not eligible for parole because he had a prior first-degree battery conviction. One of the exhibits admitted at trial concerning Wheeler's status as a habitual offender was a 2005 judgment reflecting such a conviction. It is true that parole eligibility is within the domain of the executive branch; the judiciary has no jurisdiction over how parole eligibility is determined. *Johnson v. State,* 2012 Ark. 212, 2012 WL 1739110. Regardless, if counsel had objected and the notation, which was accurate, was removed from the judgment, Wheeler would remain subject to application of section 16–93–609 by the Department of Correction. Wheeler was therefore not prejudiced by any failure of counsel to object to the notation on the judgment.

Wheeler's final claim in the petition was that counsel was ineffective for failing to object when the police officer who had picked Wheeler up near the crime scene

referred to the previous altercation between Wheeler and Bernard, even though the audio tape from the patrol car had not been admitted into evidence. Wheeler did not indicate how counsel could have raised any specific meritorious argument in order to exclude the statement. Wheeler only vaguely indicated that the statement was taken out of context and did not identify a meritorious argument that counsel might have made in order to have the statement excluded. In addition, the statement was not, even if taken out of context, detrimental to Wheeler's defense. As already noted, it was helpful in substantiating Wheeler's testimony.

We can determine from the record that none of Wheeler's claims in the petition had merit. Because Wheeler failed to set forth a meritorious claim for relief, he cannot prevail on appeal.

*Wheeler v. State,* 2015 Ark. 233.

Regarding all of these claims which were raised in state court, the pertinent statute requires us to answer two questions: first, was the state court's decision contrary to or an unreasonable application of clearly established Federal law; and second, was the state court decision based on an unreasonable determination of the facts in light of the evidence presented in the State court.  In this instance, we find the first of the two inquiries is answered in the negative. The state court cited *Strickland v. Washington*, 466 U.S. 668 (1984), the preeminent case on ineffective assistance of counsel.  Wheeler does not suggest some other federal law controls his various arguments concerning his trial attorney's efforts, and he fails to demonstrate the Arkansas Supreme Court unreasonably applied the *Strickland* case.  To the contrary, the record shows the state court followed closely the two-prong analysis set forth in *Strickland*.  We find the state courts properly identified and applied the controlling federal law.  The only remaining question is whether the decision in state court was unreasonable in light of the evidence adduced at trial.  The Court has carefully reviewed the trial transcript in order to make this determination, and we will individually address the state court rulings and the facts presented at Wheeler's trial.

*Claim 1:  trial counsel was ineffective for failing to review the medical portion of discovery and for failing to call a physician to establish the victim admitted drug and alcohol use to the doctor, and the victim recalled the incident:* The Arkansas Supreme Court found Wheeler to have the burden of showing that absent these attorney errors it was reasonably probable that the result of the trial would have been different.  We find the Arkansas Supreme

Court's denial of this claim was a reasonable decision based upon the evidence adduced at trial. Specifically, we note that evidence of the victim's drug and alcohol use would have made no difference at the trial, as his state of sobriety was not an issue. Further, the victim did not testify[1]. The crime was proved by the testimony of two witnesses who knew neither Wheeler nor his victim. As a result, Wheeler's desire to impeach the victim's recall of the crime was not critical in this instance.

*Claim 2: trial counsel was ineffective by allowing the prosecutor to swing the stick, or tree limb, allegedly used by Wheeler in the jury's presence when no one saw Wheeler with stick and no DNA testing was done*: Wheeler testified at trial that he struck the victim in self-defense. At trial he admitted he hit the victim with a stick but claimed the stick admitted at trial, over his attorney's objection, was bigger than the stick Wheeler actually used. (Tr. 328). In addition to Wheeler's own testimony that he used a stick, witnesses Quinston Penn and Marlando Collins both testified to seeing Wheeler swing a stick or board. (Tr. 208, 237-239). The stick admitted at trial appeared to have blood on it. (Tr. 257). Given these facts, the decision rendered in state court was reasonable. There was truly no debate on whether Wheeler hit the victim with a stick or board. Even if Wheeler had, via DNA testing, demonstrated the stick admitted at trial was not the stick he used, the verdict would not have been different, as the trial's outcome did not hinge on the size of the stick or on the prosecutor's swinging of the stick in the jury's presence.

*Claim 3: trial counsel was ineffective for failing to object during closing arguments when the prosecutor stated the victim was struck in the back of the head, and when the prosecutor stated it would have been better for Wheeler if he had pushed the victim into traffic:* The state court cited the record in addressing these claims. First, witness Marlando Collins testified Wheeler hit the victim in the back of the head. (Tr. 239). Second, the trial transcript contains no statement by the prosecutor to the effect that it would have been better for Wheeler

---

[1]The victim's mother, Wanda Campise, testified her forty year old son had no memory of the attack, and could not care for himself as a result of his injuries. (Tr. 305-306).

to have pushed the victim into traffic.  This treatment of these allegations is reasonable.  As a result, Wheeler is entitled to no relief on claim 3.

*Claim 4: trial counsel was ineffective for failing to strike juror Brook Verdell, who stated her father worked for the railroad and was killed by a blunt object, and for failing to seek juror's dismissal after the prosecutor swung the stick in Verdell's face:*  The Arkansas Supreme Court found Wheeler bore the burden of showing actual prejudice on the part of the juror, and that he failed to meet this burden.  Based upon the facts presented in state court, this decision is reasonable.  The trial transcript shows that juror Verdell stated her grandfather retired from Union Pacific Railroad, the employer of witnesses Penn and Collins.  (Tr. 169).  Further, Verdell indicated her stepfather was murdered with a blunt object.  (Tr. 190).  Verdell answered that despite these experiences she could and would be a fair juror.  (Tr. 191).  There is no merit to Wheeler's fourth claim for relief.

*Claim 5: trial counsel was ineffective for failing to require the victim's mother to release the victim's medical records to the police because Dr. Lewis took the victim off all narcotics due to cocaine in his system in August 2012:*  The state court noted that Wheeler desired to show the victim to be a drug addict, and further noted it was unclear how this evidence would have furthered his defense.  A careful review of the trial transcript demonstrates the state court decision was reasonable in this regard.  The victim's sobriety was not an issue, as the testimony of the disinterested observers was that Wheeler attacked the victim without provocation.  The fifth claim for relief is without merit.

*Claim 10: trial counsel was ineffective for failing to object, as the trial judge did not have the authority to sentence Wheeler under Ark. Code Ann. § 16-93-609:*  The Arkansas Supreme Court found that an objection by Wheeler's attorney would have made no difference in the trial's outcome and in the applicability of Ark. Code Ann. § 16-93-609.  The absence of any prejudice shows the *Strickland* test was not satisfied.  This decision by the state court regarding the application of state law was reasonable, and the tenth claim for relief is without merit.

12

*Claim 11:  trial counsel was ineffective for failing to set aside the inconsistent statements by witness M. Collins, who changed his testimony four times:* The Arkansas Supreme Court rightly noted that Wheeler's attorney was able to highlight inconsistencies in Collins' testimony. As a result, the jury could have chosen to discount Collins' version of the attack.  The jury chose to accept Collins' version.  The physical evidence and the absence of motive for Collins to fabricate likely weighed into the jury's decision.  In any event, the state court reasonably ruled Wheeler's counsel was not ineffective in this regard.   The record supports this ruling, and there is no merit to this allegation.

**Claims 6, 7, and 9:** Unlike the foregoing claims, these three assertions of ineffective assistance of counsel were not raised in state court.  As previously noted, we assume that Wheeler has demonstrated cause pursuant to *Martinez v. Ryan*, *supra*, for his failure to raise these claims in state court and we will consider their merits.

*Claim 6:  trial counsel was ineffective for failing to obtain DNA testing on the stick:*  In order to prove ineffective assistance of counsel, petitioner must prove that (l) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different.  *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*, 752 F.2d 327, 33l (8th Cir. l985).  We have reviewed the trial transcript and find no error on the part of Wheeler's attorney.  Based upon the undisputed testimony of witnesses and Wheeler himself, there was no debate that Wheeler struck the victim with a stick. It appears that Wheeler believes DNA testing on the stick might have demonstrated that a different, smaller stick was used in the attack.  Generously assuming that he could prove this version of events, there is no suggestion that the verdict would have been different.  The jury determined Wheeler inflicted serious physical injury under circumstances manifesting extreme indifference to the value of human life.  (Tr. 373).  The jury's verdict was not linked to the particular stick admitted at trial.  Wheeler's attorney was not required to seek DNA testing under

the circumstances, as no advantage was to be gained.  There is no merit to this claim of ineffective assistance of counsel.

*Claim 7:  trial counsel was ineffective for failing to subpoena Zach Bosley, who reported the crime, to testify and impeach the victim, and for failing to introduce the 911 report into evidence:*  Wheeler attaches the transcript of the recording of the 911 call to his petition for habeas corpus.  Petition, pages 72-78.  This shows that Zach Bosley called 911 asking for an ambulance because the victim was lying on the sidewalk with "blood running out his head." Petition, page 75.  Bosley did not see the attack, according to the transcript, but did see a white male walking from the scene heading east on Broadway.  Wheeler was apprehended shortly thereafter on Broadway.  Wheeler urges attorney error in failing to secure Bosley to testify at the trial.  However, there is no showing that Bosley's testimony would have added to the defense of the case.  Witnesses Penn and Collins actually saw the attack, while Bosley did not.  As a result, we find Wheeler's attorney acted reasonably in choosing not to subpoena Bosley when his testimony would have been cumulative.  Even if we were to assume attorney error in this regard, Wheeler must demonstrate Bosley's testimony would have changed the outcome of the trial in order to satisfy the second prong of the *Strickland* formula.  There is no evidence Bosley's testimony was pivotal.  Wheeler's claim of ineffective assistance regarding witness Bosley is without merit.

*Claim 9:  trial counsel was ineffective for failing to subpoena the victim to testify at trial, in light of the victim's statement to a physician ten days after the attack, which demonstrated his recall of the incident:*  Wheeler points to medical records which allegedly show the victim reported to a physician several weeks after the attack some details of the attack, and therefore had some recall of the incident. (Petition, page 96).  Assuming Wheeler to be correct in his reading of the medical record, he contends the victim should have been subpoenaed to impeach the following testimony of his mother:

> Prosecutor: After the attack could Jason take care of himself even after, and I'm talking about after he got out of all those hospitals and the nursing home?  When

he came home to you, could he take care of himself?
Wanda Campise [Jason's mother]: No.
Q: Can he take care of himself by himself today?
A.  No.
Q:  Okay.  Does he have any memory of the attack itself?
A: He has none.  He has absolutely no memory of Mr. Wheeler, or the incident prior to where he lived or — I've even had to show him pictures of where we used to live and then he remembered where we lived, but he still has no recollection of Mr. Wheeler or the incident.
Q: Or anything.  Okay.  Is Jason aware that he was severely beaten.
A: Yes.
Q: Okay.  Is that because you tell him, or because he knows?
A: No. Because I told him.  We told him.

(Tr. 304-305).

First, Wheeler's reading of the medical record is not accurate.  The record actually indicates that Wheeler's mother, not Wheeler, reported information about the attack to the physician. (Petition, page 96).  Additionally, even if Bernard had recall of the incident, Wheeler fails to show that such evidence would have changed the outcome of the trial.  He does not allege what Bernard would have testified to if he had some recall on his own (rather than a recall based on what his mother told him).  The key to the case was Wheeler's attack of an individual walking away from him.  There is no allegation or evidence that Bernard would have contradicted this key trial testimony.  As a result, any impeachment would focus on minor issues, and Wheeler is unable to show that but for his attorney's behavior regarding the victim the trial's outcome would have been different.  This claim is without merit.

**Summary:** The two key witnesses, Quinston Penn and Marlando Collins, were leaving their place of employment, Union Pacific Railroad, shortly after 11 p.m. when they came upon Wheeler and the victim.  Neither Penn nor Collins were acquainted with Wheeler or the victim.  At trial, no suspicion was cast on the motive of Penn or Collins for testifying.  Their testimony was more than ample.  While Wheeler offered a justification defense, this was at odds with Penn and Collins' version that Wheeler struck the victim and was not defending himself.  The medical evidence supported the version offered by Penn and Collins.  The victim had broken ribs, facial and skull fractures.  Wheeler had no injuries.  Wheeler's credibility was likely impaired by his

ten prior felony convictions.

Wheeler ties his conviction to the deficient performance of his attorney. This assessment is erroneous. The record shows Wheeler's attorney zealously represented him. The facts were overwhelmingly stacked against an acquittal. There is no showing of ineffective assistance of counsel.

We have grouped Wheeler's claims in the following categories: (1) claims 1, 2, 3, 4, 5, 10 and 11, which were considered in state court; (2) claims 6, 7, and 9, which are ineffective assistance of counsel claims which were not raised in state court; and (3) claims 8, 12, and 13, which are claims other than ineffective assistance of counsel which were not raised in state court. For the reasons cited herein, the claims in categories 1 and 2 are without merit and should be dismissed on that basis. The claims in category 3 are not properly before the Court and should be dismissed as procedurally barred.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 21st day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE