IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TIMOTHY WHEELER,
ADC #85605                                                                                          PETITIONER

v.                                              No. 5:15-cv-358-DPM

WENDY KELLEY, Director,
Arkansas Department of Correction                                                   RESPONDENT

ORDER

1. Wheeler's motions to reconsider and to appoint counsel, № 50, 51 & 54, are denied. Wheeler's petition isn't so complex that it warrants appointed counsel; and Wheeler has diligently and ably represented himself in this case. His motions for a stay and remand, № 39 & 51, are denied too. Nothing in those filings requires a delay or a remand to state court.

2. On *de novo* review, the Court adopts the recommendation, № 49, as modified and overrules Wheeler's objections, № 53. FED. R. CIV. P. 72(b)(3).

3. Claims 2 and 4 have a procedural wrinkle. The Arkansas Supreme Court rejected pieces of these claims when it denied Rule 37 relief; and its decision on those pieces wasn't contrary to or an unreasonable application of clearly established law. 28 U.S.C. § 2254(d)(1). But in this Court, Wheeler expanded these claims. He now says his lawyer was also ineffective for

(a) not objecting when the prosecutor swung the tree limb in the jury's presence and (b) not seeking removal of Juror Verdell after the limb-swinging incident. *Compare* № 2 at 2, 10, *with* № 26-6 at 19–22.

The new parts of claims 2 and 4 are procedurally defaulted; and even if they weren't, they would fail on the merits for lack of prejudice. Wheeler was convicted because the jury didn't believe he acted in self defense. On this record, there's no reasonable probability that defense counsel objecting to the limb-swinging or moving to dismiss Juror Verdell would have changed that outcome. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The defaulted slices of claims 2 and 4 therefore fail.

3. Earlier in this case, Magistrate Judge Harris liberally construed Wheeler's filings as adding two more claims for relief. № 38. First, Wheeler says his lawyer was ineffective because she didn't know that Wheeler wasn't Mirandized when he was arrested. № 32–34. This claim lacks both record support and merit. The trial transcript shows that Wheeler's lawyer not only knew he wasn't Mirandized, but also managed to get that fact before the jury. *Trial Transcript at 226*. Further, Wheeler hasn't pointed to any prejudicial

custodial statements that were admitted in violation of *Miranda*. This supplemental claim therefore fails.

Next, Wheeler argues that Arkansas's battery statute is unconstitutionally vague. № 35. Though raised at trial, Wheeler abandoned this argument on direct appeal. № 26-3. This claim is therefore defaulted; and the default isn't excused. This supplemental claim fails too.

4. Wheeler's new motion to amend, № 59, is denied. The amendment would be futile because the two new claims Wheeler proposes are meritless. The alleged affinity between Wheeler's trial and appellate lawyers makes no legal difference; Wheeler's appellate lawyer couldn't have raised a successful ineffectiveness claim on direct appeal. *Ratchford v. State*, 357 Ark. 27, 31, 159 S.W.3d 304, 306–07 (2004). And it wasn't ineffective for trial counsel to forego offering inadmissible convictions for impeachment. ARK. R. EVID. 609(a)–(c). Finally, to the extent Wheeler is proposing a new prosecutorial misconduct claim, № 59 at 8, that claim is defaulted; and the default isn't excused.

*   *   *

Pending motions, № 39, 50, 51, 54 & 59, denied. Recommendation, № 49, adopted as modified. Objections, № 53, overruled. Wheeler's

supplemented petition, № 2 & 32–35, will be dismissed with prejudice. No certificate of appealability will issue. 28 U.S.C. § 2253(c)(1)–(2).

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 May 2016